Scofield, J.,
delivered the opinion of the court:
The claimant is the person named in the following joint resolution of Congress:
"Resolved, dbe., That the President of the United States be, and he is hereby, authorized to nominate and, by and with the advice and consent of the Senate, to appoint upon the retired list of the Navy, with the rank of master, Edward E. Bradbury, now a mate on the retired list of the Navy. Approved March 3. 1871.” (16 Stat. L., 601.)
Under the authority of this statute, the claimant, on March 28, 1871, was duly appointed and commissioned a master on the retired list of the Navy.
At that time, as at present, the pay of retired officers was equal to either 50 or 75 per centum “ of the sea pay provided for the grade or rank which they held respectively at the time of their retirement.”
Which of these two rates of pay a retired officer is entitled to claim is determined by the cause of his retirement. When *189 tbe retirement is caused, by age and long service, or by “ incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness and exposure therein,” the pay is equal to 75 per centum •, if for ocher causes, to 50. per centum.
What, then, was the rank or grade held by the claimant at the time of his retirement, and what was the cause of his retirement ?
Prior to his appointment under the joint resolution he was a mate, as appears'by the resolution as well as his record. The accounting officers of the Treasury, however, held that Congress intended that he should be retired as from the rank of master. In that ruling we concur. By the appointment he became a master, and although placed upon the retired list at the same instant he was none the less a rnastei’. The list upon which an officer is placed does not determine the rank to be taken, but the duties to be performed.
What was the cause of his retirement? He had lost an arm in the service, and the title to the joint resolution recited that he was “ disabled in consequence of wounds received during the late war.” His retirement, therefore, was on account of “ incapacity resulting from * * * wounds or injuries received in the line of duty.”
These two questions being settled in the claimant’s favor, he became entitled to receive 75 per centum of the sea pay of a master on the active list. The sea pay of a master serving his first five years in that rank was $1,800 a year; serving in his second five years, $2,000. (Sec. 1588, R. S.)
Hitherto the claimant has been paid at the rate of $1,350 a year, the same as if retired as a master in the first five years of service. He now claims that he is entitled to receive $150 a year in addition, under the following clause of the Naval Appropriation Act, March 3, 1883 (22 Stat. L., 493) :
“ And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular Navy, in the lowest grade having graduated pay held by such officer since last entering the service: Provided, That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of *190 such officers: Provided further, That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy.”
At the time the claimant was appointed a master he had served in the Navy more than eight years, the last six years as mate. Under this act all officers of the Navy are entitled to be credited, in the lowest grade having graduated pay, with all actual service. As there is no graduated pay for mates, the claimant, to derive any benefit from the act, must have his former service credited to him as master. If so credited, he would be in the position of a master retired in the second five years of service.
In Hawkins’s Case (19 C. Cls. R., 661) this court held that the provisions of this act are retroactive, and that the actual service therein mentioned should be credited to the officer as of the time when he would have been entitled to receive the credit if the act had been in force at the date of his promotion. Applying this rule to the case before us, the claimant is entitled to be credited with his eight years’ service as if the same had been rendered as a master on the active list, and to be paid as if retired in the second five years of service in that rank. The pay of a master thus retired is $1,600 a year.
The claimant has been paid from March'28,1871, to March 28, 1884, at the rate of $1,350 a year. Under this act he is entitled to receive $150 .a year in addition, amounting in all, for the time stated, to $1,950, and judgment will be entered for that sum.